STATE, AMANDA T. BROWN AND MARY B. SOUTHER, PROS-
ECUTORS, v. THE VILLAGE OF SOUTH ORANGE.

1. The report of a re-assessment, made after a partial vacation of an assessment for a street improvement in South Orange, will not be vacated merely because on its face it seems to give awards to all owners of land taken or damaged, and to levy assessments upon all lands benefited. The court, looking at all the proceedings, will hold the legal effect to be to make new awards and assessments in lieu only of those previously annulled.

2. The power to make a re-assessment not being impugned, objections to the prior assessment are irrelevant.

---

On *certiorari*.

Argued at June Term, 1886, before Justices DIXON and REED.

For the prosecutors, *W. H. Talcott.*

For the defendant, *Jas. M. C. Morrow.*

The opinion of the court was delivered by

DIXON, J.  An award of damages to and an assessment for benefits upon lands of Amanda T. Brown and Mary B. Souther, resulting from the opening of Vose avenue, in the village of South Orange, having been set aside by this court, on August 8th, 1884, the trustees of the village, on November 25th, 1884, instituted proceedings, in pursuance of which a new assessment and award were made and ratified on July 21st, 1885.

The prosecutors complain of these last proceedings because the assessors' report sets out awards to all persons whose lands were taken or damaged, and assessments upon all lands benefited, instead of being confined to lands concerning which the awards and assessments had been vacated.

A comparison of the awards mentioned in the present report with those previously made and not annulled, shows that they are identical, and hence we infer that they are stated now merely to indicate the *data* from which the assessors determined the amount of the expenses which they were to assess.  For this purpose they legitimately appear in the report.  The awards to the prosecutors differ from the former ones, because as to them the assessors were to exercise their own judgments concerning the compensation due for the prosecutors' land and damages, the previous judgments in that regard having been reversed.

The assessments embraced in this report all vary from those theretofore made, and on this account the prosecutors object that upon many tracts of land there are two separate assessments which are inconsistent with each other.  This objection, however, arises, in part, from a misapprehension.  The assessors were bound to charge upon the prosecutors such shares of the expenses as were proportionate to their benefits in comparison with those of other land-owners.  They could do so only by deciding what benefit each parcel of land derived from the improvement, and then distributing the amount of expense among all these parcels in the same ratio.  This they had to do upon their own opinion of the benefits, not upon

the judgment of their predecessors. The result of this process they have embodied in their report. Its legal aspect, however, is not to impose a second assessment upon property against which a former assessment still subsists, but only to indicate the proportion of benefits in consonance with which they have fixed the amounts of the prosecutors' burdens imposed in lieu of the vacated assessments. Although this intention is not verbally expressed in the report, yet the court, looking at all the proceedings, readily sees that the new awards and assessments affect the prosecutors only; others stand as they previously stood. There is no substantial error in this procedure. *Souther* v. *South Orange*, 17 *Vroom* 317.

The objection that the assessors erred in determining that no lands lying over five hundred feet from the line of the improvement were benefited, is unsupported by evidence.

The objections stated against the prior assessments are not relevant to the pending question, since the power to re-assess under the supplements to the village charter (*Pamph. L.* 1875, *pp.* 396, 609) is not specifically impugned.

The proceedings should be affirmed.